**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **JOHN ROSS HOUSE ASSOCIATION, INC.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.__________________** |
| **v.** | ) | |
| | ) | **JURY DEMAND** |
| **CITY OF ROSSVILLE, GEORGIA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

COMES NOW John Ross House Association, Inc. ("Plaintiff" or "JRHA"), by and through undersigned counsel, moves under Rule 65 of the Federal Rules of Civil Procedure for a preliminary injunction against Defendant City of Rossville, Georgia (the "City"), preserving the Chief John Ross House (the "House") and its furnishings, historical objects, and interpretive materials (the "Collection") and restoring JRHA's independent access, possession, and operational control pending judgment. In support thereof, JRHA relies on the following, filed contemporaneously herewith and incorporated herein by reference:

1. JRHA's Memorandum of Law in Support of its Motion for Preliminary Injunction;

2. The Declaration of Janet Foreman-Green ("JRHA Decl."); and

3. The record in this case, including all pleadings and exhibits attached thereto.

As more fully set forth in JRHA's Memorandum of Law in Support of its Motion, JRHA respectfully requests that this Honorable Court preserve the House and its historical contents for the following reasons:

i. JRHA has a substantial likelihood of success on its claims under 42 U.S.C. § 1983 for violation of the Fifth Amendment Takings Clause, the Fourth Amendment's prohibition against unreasonable seizures, and the Fourteenth Amendment's guarantee of Procedural Due Process, as well as its related claims for declaratory judgment of ownership, equitable relief, Georgia constitutional procedural due process, Georgia inverse condemnation, Georgia constitutional unreasonable seizure, trespass, and conversion. By controlling access, restricting entry, and threatening criminal enforcement, the City displaced JRHA's independent possession of the House and Collection without notice, an opportunity to be heard, or just compensation. The Ground Lease's separate-property provisions, the limited scope of the monument designation, and the breadth of the exclusion establish that the taking and seizure were unreasonable. The City's formal ownership position and enforcement actions also establish municipal causation;

ii. JRHA faces ongoing irreparable injury because the City's lockout prevents JRHA from exercising liberty and ownership rights over its property, or from independently resuming educational visits and recurring preservation work. Damages cannot restore the educational opportunities lost before judgment or damage to property, and a one-time inspection would not restore recurring care or educational use;

iii. The balance of harms favors restoring JRHA's operations subject to preservation safeguards. The City would temporarily lose exclusive control, but the property would return to the status quo for last 60 years and be properly maintained and protected. JRHA would continue to bear its operating costs, and reasonable security, emergency protection, and the City's ownership and possession defenses would remain available;

iv. The public interest favors both preservation and restored educational use. Interior visits and regular care would resume while the House and Collection remain protected and final ownership and possession are adjudicated.

JRHA requests a prompt, noticed hearing under Rule 65(a)(1). Full access and operational restoration is JRHA's primary request. The proposed relief would

restore pre-lockout activities subject to preservation safeguards without deciding final ownership or ultimate possession.

**WHEREFORE**, JRHA respectfully requests that the Court grant its Motion for Preliminary Injunction and enter an Order:

(a) Enjoining the City, and its agents and persons described in Fed. R. Civ. P. 65(d)(2) who receive actual notice of the Order, from blocking, selling, removing, relocating, destroying, transferring, encumbering access to, disposing of, or altering the Chief John Ross House at the intersection of 200 East Lake Avenue and 212 Andrews Street in Rossville, Georgia, including the furnishings, artifacts, historical and cultural objects, and interpretive materials inside the House (the "Protected Property") at the time of the March 2026 lockout. The City shall further be enjoined from threatening criminal prosecution of JRHA members and volunteers in the performance of JRHA duties at the House or of members of the public permitted inside the House by JRHA, and shall not record JRHA members at the House without their consent;

(b) Requiring the City, immediately after the injunction takes effect, to restore JRHA's independent access, possession, and operational control of the House and Collection, including access across the grounds

necessary to reach and use the House. The City shall coordinate with JRHA leadership to remove the City locks from the House premises and replace them with JRHA locks so that the premises remain secured during that transition and shall remain secured by JRHA moving forward;

(c) Restoring JRHA's operations at the House, including inspection, inventory, ordinary housekeeping, necessary repairs and maintenance of the House and immediately surrounding gardens, preservation, and educational content creation and tours, consistent with JRHA's pre-lockout activities;

(d) Alternatively, granting severable preservation, inspection, and inventory relief pending any further evidentiary hearing the Court requires, followed by a prompt determination of continuing access and operational control;

(e) Waiving security or setting nominal security under Fed. R. Civ. P. 65(c), reflecting JRHA's status as a non-profit organization and rightful owner of the House with over half a century of demonstrated stewardship, with any required security to reflect demonstrated costs or damages from wrongful restoration of operations. JRHA will satisfy any required security before the injunction takes effect;

(f) Granting such other and further relief as the Court deems just and proper.

Dated: October 7, 2026

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: */s/ Melissa M. Kirby*
Melissa M. Kirby | GA Bar No. 508999
Alan C. Cates (*PHV forthcoming*)
Daniel J. Esquivel (*PHV forthcoming*)
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
(423) 266-5500-Telephone
(423) 266-5499-Facsimile
Melissa.Kirby@huschblackwell.com
Alan.Cates@huschblackwell.com
Daniel.Esquivel@huschblackwell.com

and

Ryan Burke | GA Bar No. 336130
Husch Blackwell LLP
3550 Lenox Rd NE, Suite 2100
Atlanta, GA 30326
(404) 850-5317-Telephone
Ryan.Burke@huschblackwell.com

***Attorneys for John Ross House Association***

**CERTIFICATION OF COMPLIANCE**

Pursuant to L.R. 7.1(D), N.D. Ga., counsel for Plaintiff hereby certifies that the foregoing document has been prepared with Times New Roman, 14-point font, one of the font and point selections approved by the Court in L.R. 5.1(C).

**HUSCH BLACKWELL LLP**

*/s/ Melissa M. Kirby*

Melissa M. Kirby | GA Bar No. 508999
Alan C. Cates (*PHV forthcoming*)
Daniel J. Esquivel (*PHV forthcoming*)
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
(423) 266-5500-Telephone
(423) 266-5499-Facsimile
Melissa.Kirby@huschblackwell.com
Alan.Cates@huschblackwell.com
Daniel.Esquivel@huschblackwell.com

and

Ryan Burke | GA Bar No. 336130
Husch Blackwell LLP
3550 Lenox Rd NE, Suite 2100
Atlanta, GA 30326
(404) 850-5317-Telephone
Ryan.Burket@huschblackwell.com

***Attorneys for John Ross House Association***