**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **JOHN ROSS HOUSE ASSOCIATION, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 4:26-cv-00300-WMR** |
| **CITY OF ROSSVILLE, GEORGIA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO ROBIN CARTER MAYES'S MOTION TO INTERVENE**

Plaintiff, John Ross House Association, Inc. ("Plaintiff" or "JRHA"), by and through undersigned counsel, respectfully submits the following as its Response in Opposition to Robin Carter Mayes ("Mayes") Motion to Intervene as Intervenor-Plaintiff ("Motion").

## BACKGROUND FACTS

According to the Declaration of Mayes in support of his Motion to Intervene, he received a section of fallen timber as the result of communications with the former JRHA President Larry Rose and hand-crafted his interpretation of a replica "traditional Cherokee war club" and branded it with his own Cherokee syllabary mark. [Doc. 10 at 4.] Sometime after 2019, Mayes mailed the finished replica war club to Mr. Rose for placement inside the House. *Id.* Mayes identified himself as

"a direct descendant and donor," but does not identify any donated object apart from the replica war club item. *Id.*

JRHA submits that the replica war club was donated to Larry Rose and/or JRHA as a gift and the item at issue is not presently inside the House. [Declaration of Janet Foreman-Green ("Foreman-Green Decl.") ¶ 2.] JRHA is willing to make the club available to Mayes or arrange a delivery upon his request and the Court's approval. [Foreman-Green Decl. ¶ 4.]

## ARGUMENT

### A. Mayes Has Not Established a Direct, Substantial, Legally Protectable Interest in the House or the "War Club."

Mayes has not established the legally protectable interest required for intervention as of right. Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, the proposed intervenor's interest must be "direct, substantial, and legally protectable." *Mt. Hawley Insurance Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (citation omitted). A "legally protectable interest is an interest that derives from a legal right," meaning an interest "which the substantive law recognizes as belonging to or being owned by the applicant." *Id.* (citation omitted).

Mayes alleges that his status as a "direct lineal heir" gives him an "inherent equitable and cultural interest" in protecting the Chief John Ross House (the "House") and determining its ultimate disposition. [Doc. 10, at 1.] But he identifies

no substantive legal right arising from that status that entitles him to possess, manage, or determine the disposition of the House. His asserted familial and cultural connection, without an identified legal entitlement, does not satisfy the requirement that the interest derive from a legal right belonging to him. See *Mt. Hawley Insurance Co.*, 425 F.3d at 1311 (explaining that a legally protectable interest must derive from a legal right recognized as belonging to the applicant).

Nor has Mayes established a retained ownership, possessory, or other enforceable right in the hand-crafted replica "war club." Under Georgia law, a valid inter vivos gift requires donative intent, acceptance, and delivery. O.C.G.A. § 44-5-80. A completed gift vests present, irrevocable title in the donee and divests the donor of dominion and control over the property. *Longstreet v. Decker*, 312 Ga. App. 1, 5, 717 S.E.2d 513, 517–18 (2011).

Mayes's own submissions characterize his transfer of the club as a donation. His Motion identifies him as a "personal property donor," and his supporting Declaration again describes him as a "donor." [Doc. 10, at 1, 4 ¶ 6.] He further acknowledges that he mailed the completed club, which is his interpretation of a Cherokee war club that he created, to Larry Rose for placement and display inside the House. [Doc. 10, at 4 ¶ 4.] Although the Motion also uses the word "entrusted," neither the Motion nor the Declaration identifies an agreed obligation to return the club, a reservation of ownership, or an enforceable condition requiring its continued

display inside the House. [Doc. 10, at 2, 4.] Mayes thus describes himself as a donor without identifying the substantive legal basis for his claimed continuing property rights.

Because Mayes has not established a legally protectable interest in either the House or the club, he has not satisfied the necessary requirement for intervention as of right. The Court should therefore deny his request to intervene under Rule 24(a)(2).

**B. Mayes Has Not Shown That Disposition of This Action May Impair His Ability to Protect Any Interest He Retains.**

Even assuming Mayes retains an enforceable interest in the replica war club, he has not shown that disposition of this action may impair his ability to protect that interest. Rule 24(a)(2) requires a showing of potential impairment, not merely an interest related to the litigation. See *Worlds v. Department of Health & Rehabilitative Services*, 929 F.2d 591, 594–95 (11th Cir. 1991) (holding that, although the applicant had sufficient interest in the litigation, intervention as of right was unwarranted because disposition of the action would not impair his ability to protect that interest).

In its Complaint, JRHA seeks a declaration as between JRHA and the City, that JRHA owns the Chief John Ross House structure. [Doc. 1, Prayer For Relief ¶ (a).] Nothing in the Complaint seeks a disposition of the House or its contents that is inconsistent with any ownership rights Mayes might possess with regard to the

war club, which is not currently inside the House. [Foreman-Green Decl. ¶ 3.] JRHA does not ask the Court to decide Mayes's claimed ownership of, or right to recover, the club. In fact, JRHA is willing to make the item available to Mayes for pickup or coordinate delivery to him without awaiting resolution of this lawsuit. [Foreman-Green Decl. ¶ 4.]

The Court can determine ownership of the House structure and its contents and JRHA's corresponding rights of access and control without deciding whether Mayes retained ownership of a club not presently inside the House, whether its transfer constituted a gift, or whether he possesses an enforceable right to its return. [Foreman-Green Decl. ¶ 3.] A Court declaration recognizing JRHA's rights in the House and its contents would not, by its terms, adjudicate Mayes's asserted rights in that separate item.

Nor has Mayes shown that resolving JRHA's requested relief would impair his ability to protect his claimed rights in the club. His allegation that the City's lockout interfered with those rights concerns the City's conduct, not the effect of a ruling in this action. [Doc. 10, at 2–3.] The club is not located inside the House, and Mayes identifies no ruling necessary to resolve JRHA's claims that would determine his purported ownership interest or prevent him from establishing or enforcing that interest in a separate proceeding. [Foreman-Green Decl. ¶ 3.] Thus, even assuming that Mayes has sufficient interest (he does not), he has not satisfied

the distinct impairment requirement. See *Worlds*, 929 F.2d at 594–95 (finding no impairment where the applicants could pursue their claims separately and the pending action's potential stare decisis affect was unlikely to leave them in a worse position).

**C. The Court Should Decline to Permit Intervention Under Rule 24(b).**

Mayes's alternative request for permissive intervention should also be denied. Rule 24(b)(1)(B) permits intervention where the applicant "has a claim or defense that shares with the main action a common question of law or fact." In exercising that discretion, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). The existence of a common question does not require the Court to permit intervention. See *Purcell v. BankAtlantic Financial Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996) (explaining that a court may deny permissive intervention even when a common question exists or the requirements of Rule 24(b) are otherwise satisfied).

Even assuming a common question exists, Mayes's intervention would introduce collateral disputes unnecessary to resolving JRHA's claims. His artifact claim would require inquiry into the terms of his transfer to Larry Rose and any retained ownership or possessory rights. Those questions are distinct from JRHA's requested declarations concerning ownership of the House structure and its rights to

access and control the House and JRHA-owned contents. [Doc. 10, at 2–4; Doc. 1 ¶ 97; Prayer For Relief ¶ (a).]

Although JRHA contemplates working with the Cherokee Nation to relocate the House to Oklahoma, Mayes also seeks broader relief than JRHA—Mayes seeks a specific relocation plan incorporated into the final decree or settlement. [Doc. 1 ¶ 99; Doc. 10, at 3.] Adjudicating his asserted entitlement to that relief would further expand the factual and remedial proceedings beyond those necessary to resolve the existing parties' dispute. The Court should decline that expansion and the resulting risk of delay to JRHA's access and preservation claims. See *United States v. South Florida Water Management District*, 922 F.2d 704, 711–12 (11th Cir. 1991) (upholding denial of permissive intervention where additional witnesses and collateral issues would delay and prejudice resolution of the existing parties' claims).

## **CONCLUSION**

For these reasons, JRHA respectfully requests that the Court deny Mayes's Motion to Intervene under Rules 24(a)(2) and 24(b).

Dated: November 2, 2026

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: */s/ Melissa M. Kirby*
Melissa M. Kirby | GA Bar No. 508999
Alan C. Cates (*PHV forthcoming*)
Daniel J. Esquivel (*PHV forthcoming*)
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
(423) 266-5500-Telephone
(423) 266-5499-Facsimile
Melissa.Kirby@huschblackwell.com
Alan.Cates@huschblackwell.com
Daniel.Esquivel@huschblackwell.com

and

Ryan Burke | GA Bar No. 336130
Husch Blackwell LLP
3550 Lenox Rd NE, Suite 2100
Atlanta, GA 30326
(404) 850-5317-Telephone
Ryan.Burke@huschblackwell.com

***Attorneys for John Ross House Association***

## CERTIFICATION OF COMPLIANCE

Pursuant to L.R. 7.1(D), N.D. Ga., counsel for Plaintiff hereby certifies that the foregoing document has been prepared with Times New Roman, 14-point font, one of the font and point selections approved by the Court in L.R. 5.1(C).

**HUSCH BLACKWELL LLP**

*/s/ Melissa M. Kirby*

Melissa M. Kirby | GA Bar No. 508999
Alan C. Cates (*PHV forthcoming*)
Daniel J. Esquivel (*PHV forthcoming*)
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
(423) 266-5500-Telephone
(423) 266-5499-Facsimile
Melissa.Kirby@huschblackwell.com
Alan.Cates@huschblackwell.com
Daniel.Esquivel@huschblackwell.com

and

Ryan Burke | GA Bar No. 336130
Husch Blackwell LLP
3550 Lenox Rd NE, Suite 2100
Atlanta, GA 30326
(404) 850-5317-Telephone
Ryan.Burket@huschblackwell.com

***Attorneys for John Ross House Association***

# CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2026, I electronically filed ***PLAINTIFF'S RESPONSE IN OPPOSITION TO ROBIN CARTER MAYES'S MOTION TO INTERVENE*** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Jesse Anderson (Andy) Davis
Email: adavis@davislucascarter.com

Lee B. Carter
Email: lcarter@davislucascarter.com

I further certified that I have mailed a copy of ***PLAINTIFF'S RESPONSE IN OPPOSITION TO ROBIN CARTER MAYES'S MOTION TO INTERVENE*** to the following:

Robin Carter Mayes
3016 Groveland Terrace
Denton, TX 76210

*/s/ Melissa M. Kirby*
Melissa M. Kirby | GA Bar No. 508999

HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402-2059
Tel: 423-266-5500
Fax: 423-266-5499
Melissa.Kirby@huschblackwell.com
***Attorneys for John Ross House Association***