**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| JOHN ROSS HOUSE ASSOCIATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ROSSVILLE, GEORGIA,<br><br>Defendant. | Case No. 4:26-cv-00300-WMR |

**DEFENDANT CITY OF ROSSVILLE, GEORGIA'S BRIEF IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

## I. INTRODUCTION.

This case is about the John Ross House (the "House")—a long-standing fixture in the middle of the City of Rossville (the "City"). As may be obvious, John Ross is the City's namesake.

> For both the residents of Rossville and for many Cherokee Indians, the John Ross House is sacred space. It doesn't simply represent the origin of the town. It *is* the origin of the town.

(Ex. C [Doc. 1-6] at 11 (emphasis in original).) Despite being historically aligned with the City in the mission of preserving the House in Rossville, Plaintiff John Ross House Association, Inc. ("Association") now makes a series of claims against the City, including a threat to move the House to Oklahoma. Several of the Association's claims, however, are barred by the City's sovereign immunity, which is the point of this Motion.

This partial Motion seeks dismissal of Counts VI and VIII,[1] which request declaratory and injunctive relief for alleged violations of the Georgia Constitution. Such claims against a municipality must first find some waiver of sovereign immunity, such as a 2021 Amendment to the Georgia Constitution, which provides a limited waiver. As set forth in detail below, either those claims can only be pursued in Georgia superior courts based on the plain text of the 2021 Amendment or the 2021 Amendment applies here and the Association is not entitled to injunctive relief until a declaratory award is issued and no damages may be recovered in this action. This narrowing is required by Georgia law, and thus the City asks the Court to grant its Motion.

[1] The City is not filing an answer on the remaining claims because courts in this district have consistently held that a defendant's time to file an answer is tolled until 14 days after a partial motion to dismiss is decided. *Cuyler v. Kroger Co.,* 1:14-CV-1287-RWS, 2014 WL 12547267, at *6 (N.D. Ga. Oct. 3, 2014) (holding that partial motion to dismiss tolls the time to answer under Rule 12), report and recommendation adopted, 2015 WL 12621041 (N.D. Ga. Jan. 8, 2015); *see also Duby v. Captain D's, LLC*, No. 4:23-CV-00259-WMR-WEJ, 2024 WL 5324437, at *2 (N.D. Ga. Mar. 20, 2024), report and recommendation adopted, 2024 WL 5330073 (N.D. Ga. June 17, 2024) (finding that the partial motion to dismiss filed by the defendant has delayed its deadline to file an answer); *3Shape A/S v. Carestream Dental, LLC,* No. 1:22-CV-01829-WMR, 2023 WL 4047692, at *6 (N.D. Ga. Apr. 20, 2023) (explaining that under the Federal Rules, "serving a partial motion to dismiss alters the period to file an answer and counterclaims").

## II. Statement of Relevant Facts.

The City accepts the Complaint's well-pleaded factual allegations as true solely for purposes of this Motion.

The Association alleges that in 1962 it acquired the House structure, but not the land beneath it, and in 1963 moved the House onto a 5.16-acre tract under a 50-year ground lease from Rossville Memorial Center. (Compl. ¶¶ 22–23, 26, 29.) Rossville Memorial Center conveyed the land to the City in December 2003. (*Id.* ¶ 31.) The ground lease's initial term expired in January 2013, and the Association did not exercise its renewal option. (*Id.* ¶ 38.)

The Association alleges that in March 2026 the City replaced the Association's locks with City locks, posted no-trespassing signs, installed a camera, and required the Association to coordinate access through the City Clerk. (*Id.* ¶¶ 3, 48–51.) The Association characterizes this conduct as "intentional," "deliberate," and "coordinated." (*Id.* ¶¶ 59, 83, 109, 120, 124.)

The Association asserts ten counts. Counts I through III arise under 42 U.S.C. § 1983 for alleged violations of the U.S. Constitution and where the Association seeks declaratory and injunctive relief, compensatory damages, and costs and reasonable attorneys' fees. (*Id.* ¶¶ 63 – 87.) Count IV seeks a declaration of ownership. (*Id.* ¶¶ 88 – 100.) Count V, titled "Equitable Relief," seeks temporary, preliminary, and permanent injunctive relief. (*Id.* ¶¶ 101–106.) Counts VI and VIII seek a declaration that the City violated the

Georgia Constitution's due process and search-and-seizure provisions, and an injunction enforcing that declaration. (*Id.* ¶¶ 110, 118.) Count VII asserts inverse condemnation under the Georgia Constitution's Just Compensation Provision. (*Id.* ¶¶ 111–114.) Counts IX and X assert common-law trespass and conversion and, in each, invoke "the Just Compensation Clause's waiver" alleged in Count VII. (*Id.* ¶¶ 121, 125.) The Complaint does not identify any other waiver of the City's immunity.

## III. ARGUMENT AND CITATION OF AUTHORITY.

### A. Motion-to-Dismiss Standards.

A motion under Rule 12(b)(1) may attack subject-matter jurisdiction facially, based on the allegations of the complaint, which the court accepts as true. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). The party invoking jurisdiction bears the burden of establishing it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

To survive a motion under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Dismissal is appropriate

where a claim is barred as a matter of law on the face of the complaint, including by an immunity defense.

State law governs the substance of state-law claims heard under supplemental jurisdiction, including whether a defendant is immune from them. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

### B. The City is entitled to sovereign immunity and any waiver is limited and strictly construed.

In Counts VI and VIII, the Association asks the Court to declare that the City has violated the Georgia Constitution in wrongfully taking, seizing, and/or asserting ownership over the House. (*See* Compl. at Ct. VI, ¶ 110 (seeking declaration that the City deprived the Association of procedural due process in violation of the Georgia Constitution); *id.* at Ct. VIII, ¶ 118 (seeking declaration that the City unreasonably seized the House in violation of the Georgia Constitution)).

Municipal immunity in Georgia derives from Article IX of the Georgia Constitution and O.C.G.A. § 36-33-1(a). *See Guy v. Hous. Auth. of City of Augusta*, 321 Ga. 873, 875 – 76 (2025). “Under our current Constitution, municipal immunity may be waived only by the General Assembly.” *Gatto v. City of Statesboro*, 312 Ga. 164, 166 – 67 (2021); *see also Godfrey v. Ga. Interlocal Risk Mgmt. Agency*, 290 Ga. 211, 214 (2011) (“Sovereign immunity

applies to municipalities, unless the General Assembly waives it by law."). The burden of demonstrating a waiver falls on the party seeking to benefit from it. *Albertson v. City of Jesup*, 312 Ga. App. 246, 249 n.10 (2011).

Thus, for the Association to pursue its declaratory relief that the City violated Georgia law, it must establish some form of waiver of sovereign immunity. *See* Ga. Const. Art. IX, § II, ¶ IX; O.C.G.A. § 36-33-1.

**a. The 2021 Amendment to the Georgia Constitution.**

For years, Georgia's appellate courts sorted through the intersection of sovereign immunity and the proper way to challenge official government action. *See, e.g., Ga. Dep't of Natural Resources v. Ctr. for a Sustainable Coast, Inc.*, 294 Ga. 593 (2014) (holding that sovereign immunity bars suits against the State, its departments and agencies, and its officers in their official capacities for injunctive relief); *Olvera v. Univ. Sys. of Georgia's Bd. of Regents*, 298 Ga. 425 (2016) (extending the rule from *Sustainable Coast* to include claims for declaratory relief); *Lathrop v. Deal*, 301 Ga. 408 (2017).

Effective January 1, 2021, the Georgia Constitution was amended to waive sovereign immunity to permit certain actions for declaratory and equitable relief. *See* Ga. Const. Art. I, § II, ¶ V (the "Amendment"). Paragraph V(b)(1) states:

> Sovereign immunity is hereby waived for actions *in the superior court seeking declaratory relief from acts of* the state or any agency, authority, branch, board, bureau, commission,

> department, office, or public corporation of this state or officer or employee thereof or *any county, consolidated government, or municipality of this state* or officer or employee thereof outside the scope of lawful authority or *in violation of the laws or the Constitution of this state or the Constitution of the United States*. Sovereign immunity is further waived so that a court awarding declaratory relief pursuant to this Paragraph *may, only after awarding declaratory relief, enjoin such acts to enforce its judgment*. Such waiver of sovereign immunity under this Paragraph shall apply to past, current, and prospective acts which occur on or after January 1, 2021.

*Id.*, Art. I, § II, ¶ V(b)(1) (emphases added). The plain text of Paragraph V(b)(1) limits the sovereign immunity waiver to actions seeking declaratory relief that are filed in superior courts of Georgia. And, while it allows injunctive relief, a court may only issue an injunction after declaratory relief is awarded. *See id.* The Amendment also prohibits a plaintiff from seeking damages, attorneys' fees, or costs of litigation in the same suit. *See* Ga. Const. Art. I, § II, ¶ V(b)(4).

**b. Sovereign immunity to seek declaratory relief is only waived in superior courts.**

Counts VI and VIII are first subject to dismissal because the City's sovereign immunity has only been waived in connection with "actions in the superior court." Ga. Const. Art. I, § II, ¶ V(b)(1); *see Crisp v. Georgia*, No. 21-14190, 2022 WL 3589673, at *3 (11th Cir. Aug. 23, 2022) (holding that since the plaintiff did not bring suit in the state superior court, "the amendment does not waive sovereign immunity"). This action was plainly not brought in

a Georgia superior court. Thus, sovereign immunity bars the Association's declaratory relief claims—meaning that either this Court does not have subject-matter jurisdiction over Counts VI and VIII or those counts fail under Rule 12(b)(6). *See id.* at *3 – 4 (affirming dismissal of declaratory relief claims against the State and Gwinnett County).

**c. If the 2021 Amendment does not apply, then Georgia law precludes injunctive relief.**

The Amendment was intended to clarify the confusion left in the wake of what's often referred to as "the Sovereign Immunity Trilogy." *See*, *e.g.*, *Lathrop v. Deal*, 301 Ga. 408 (2017). *Lathrop* is the last of three cases from the Georgia Supreme Court that attempted to better define the contours of sovereign immunity for the State and its cities and counties. Among other things, the Sovereign Immunity Trilogy holds that sovereign immunity bars claims for declaratory and injunctive relief against Georgia municipalities:

> The constitutional doctrine of sovereign immunity bars any suit against the [s]tate to which it has not given its consent, including suits against state departments, agencies, and officers in their official capacities, and including suits for injunctive and declaratory relief from the enforcement of allegedly unconstitutional laws.

*Lathrop*, 301 Ga. 408, 444 (IV), 801 S.E.2d 867 (2017). *See also Ctr. for a Sustainable Coast, Inc.*, 294 Ga. at 596 (holding that sovereign immunity bars suits against the State, its departments and agencies for injunctive relief); *Olvera*, 298 Ga. at 427 – 28 (extending the rule from *Sustainable*

*Coast* to include claims for declaratory relief). This includes suits against municipalities. *Godfrey*, 290 Ga. at 214.

Here, if the Amendment does not apply on its plain terms, since it only refers to actions brought in Georgia superior courts, then the Court must look to other Georgia law to determine if it provides any such waiver of sovereign immunity. As described above, Georgia law holds that claims for injunctive and declaratory relief based on alleged violations of Georgia law are barred by sovereign immunity.

For example, in applying *Lathrop*, the Court of Appeals held that a municipality's sovereign immunity bars claims for injunctive relief, because the only statutory waiver, O.C.G.A. § 36-33-1(b), reaches monetary liability for the negligent performance of ministerial duties. *City of Hapeville v. Sylvan Airport Parking, LLC*, 359 Ga. App. 448, 451 (2021). *Hapeville* permitted a declaratory claim to proceed only because O.C.G.A. § 9-4-7(b) authorizes declaratory actions challenging the validity of a municipal ordinance. *Id.* Counts VI and VIII challenge no ordinance; they challenge the City's alleged official conduct. Absent the Amendment, no waiver exists.

**d. The Association cannot seek an injunction until declaratory relief is granted.**

If the Court concludes that the Association may invoke the Amendment in this forum, then the same provision defines the relief available: "only after

awarding declaratory relief" may the Court "enjoin such acts to enforce its judgment." *See* Ga. Const., Art. I, § II, ¶ V(b)(1).

Here, the Association has filed a Motion for Preliminary Injunction, which is set for a hearing on November 19, 2026, and prays that the Court issue injunctive relief on Counts II, III, V, VI, VII, and VIII. (*See* Doc. 2.) As to Counts VI and VIII, the requested injunctive relief would enforce the requested declarations. (*See* Compl. ¶¶ 110, 118; Prayer (g).) But this gets the cart before the horse.

No declaratory relief has been awarded. And none can be awarded before the Court resolves the merits of Counts VI and VIII. The Amendment explicitly states that "only after awarding declaratory relief" may a court enjoin such acts to enforce its judgment. *See* Ga. Const. Art. I, § II, ¶ V (b)(1). Stated another way, the Court must first find that the challenged governmental action is illegal before any injunction may be issued. *See id.* The Association has skipped this fundamental aspect of the Amendment in asking for an immediate injunction.

**e. If the Association invokes the Amendment, it cannot recover damages on its state-law claims in this action.**

The Amendment also bars any award of damages, attorney's fees, or costs of litigation in an action filed under it:

> No damages, attorney's fees, or costs of litigation shall be awarded in an action filed pursuant to this Paragraph, unless specifically authorized by Act of the General Assembly.

Ga. Const. Art. I, § II, ¶ V(b)(4). The Supreme Court of Georgia has explained that "action" in this subparagraph "logically refers to an entire lawsuit," not an individual claim, because damages and fees are awarded "in a lawsuit at its conclusion." *State v. SASS Grp., LLC,* 315 Ga. 893, 901 (2023). The Amendment was enacted in the wake of *Lathrop* and created "a new, limited express waiver of sovereign immunity for specific types of suits seeking declaratory and injunctive relief against the State." *Id.* at 903. Thus, if the Association wants to avail itself of the waiver set forth in the Amendment, it cannot also recover damages on its state-law claims in this action.

The Association seeks compensatory damages or just compensation on its state-law claims in Counts VII, IX, and X. (*See* Compl. ¶¶ 114, 121, 125.) If Counts VI and VIII proceed under the Amendment, the Association must elect: it may pursue declaratory relief under the Amendment, or it may pursue damages on its state-law claims, but not both in this action.

In sum, either Counts VI and VIII should be dismissed because the Association seeks declaratory relief in a federal court rather than a superior court, contrary to the plain terms of the Amendment, or, if the Association may invoke the Amendment here, then it is limited to declaratory relief on

those counts and cannot also recover damages on its state-law claims in this action. (*See, e.g.*, Compl. Cts. VII, IX, and X.)

## IV. CONCLUSION.

For these reasons, the City respectfully requests dismissal of Counts VI and VIII because the Amendment does not waive sovereign immunity for those claims in this Court. Alternatively, if the Court determines that the Association may invoke the Amendment here, the City requests that the Court deny injunctive relief under those counts before an award of declaratory relief and enforce the Amendment's prohibition against any recovery of damages, attorney's fees, and costs of litigation on the Association's state-law claims.

* * *

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that this document has been prepared in Century Schoolbook, 13-point font, in compliance with Local Rule 5.1(C).

Respectfully submitted this 4th day of November, 2026.

DAVIS LUCAS CARTER LLP

*/s/ Lee B. Carter*
Georgia Bar No. 595903
J. Anderson Davis
Georgia Bar No. 211077

*Attorneys for Defendant City of Rossville, Georgia*

210 East 2nd Ave., Suite 301
Rome, Georgia 30161
Phone: 706.842.7555
lcarter@davislucascarter.com
adavis@davislucascarter.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2026, I electronically filed the foregoing **Defendant City of Rossville, Georgia's Brief in Support of Its Partial Motion to Dismiss** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

*/s/ Lee B. Carter*
Lee B. Carter
Georgia Bar No. 595903