**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. – Rome

NOV 09 2026

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

JOHN ROSS HOUSE ASSOCIATION, INC., )
)
Plaintiff, ) CIVIL ACTION NO.
) 4:26-cv-00300-WMR
v. )
)
CITY OF ROSSVILLE, GEORGIA, )
)
Defendant, )
------------------------------------ )
ROBIN CARTER MAYES, )
)
Intervenor-Applicant. )

# INTERVENOR-APPLICANT'S REPLY BRIEF IN SUPPORT OF MOTION TO INTERVENE

Comes now Robin Carter Mayes, Intervenor-Applicant pro se, and respectfully files this Reply Brief in support of his Motion to Intervene (Doc. 10) and in response to Plaintiff John Ross House Association, Inc.'s ("JRHA") Response in Opposition (Doc. 16). In support thereof, Intervenor-Applicant shows the Court as follows:

# ARGUMENT

**1.** Intervenor-Applicant Does Not Seek Personal Return of the Artifact, But Enforcement of its Permanent Cultural Display.

In its opposition, Plaintiff offers to return the hand-crafted club to Intervenor-Applicant, attempting to resolve his interest as a mere property dispute. (Doc. 16 at 2, 4). Plaintiff fundamentally mischaracterizes both the item and Intervenor-Applicant's intent. Intervenor-Applicant does not seek the return of the object for personal possession.

Intervenor-Applicant is an enrolled Cherokee citizen, artisan, and direct lineal descendant of Principal Chief John Ross. The creation of the work represented a sacred, full-circle endeavor: receiving historic Brainerd Mission timber shipped across the Trail of Tears by former JRHA President Larry Rose, fashioning an authentic cultural work, and returning it to rest inside his ancestor's historic home. The honor lay entirely in its permanent stewardship and display within the House. Plaintiff's unilateral removal of the item breaks that entrustment and misconstrues the nature of the gift.

**2.** The House and its Entrusted Artifacts Constitute an Indivisible Heritage.

Intervenor-Applicant's equitable interest lies in preserving the House and its complete, unfragmented collection of historical artifacts. The late Larry Rose recognized that securing the future of the site—and its contents—lay in its ultimate relocation to Cherokee territory in Oklahoma. Offering to return artifacts piecemeal dismantles the historical integrity of the collection. Intervenor-Applicant intervenes to ensure that the home and its contents remain unified and properly preserved as a single ancestral legacy.

**3.** Intervention Will Not Unduly Delay or Prejudice the Adjudication.

Permissive intervention under Rule 24(b) is fully appropriate. Intervenor-Applicant's claims raise common questions of law and fact regarding who holds lawful custody, control, and stewardship rights over the House and its historical contents. Allowing Intervenor-Applicant to participate ensures a complete and equitable resolution regarding the long-term protection of the site and its artifacts, rather than piecemeal litigation.

## CONCLUSION

For the foregoing reasons, Intervenor-Applicant Robin Carter Mayes respectfully requests that this Honorable Court GRANT his Motion to Intervene as Intervenor-Plaintiff pursuant to Fed. R. Civ. P. 24(a)(2) or, in the alternative, Rule 24(b).

Respectfully submitted this 3RD day of November, 2026.

Robin Mayes

Robin Carter Mayes, Pro Se
3016 Groveland Terrace
Denton, TX 76210
Phone: (940) 208-0537
Email: mayes1839@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3RD day of November, 2026, I served a true and correct copy of the foregoing Intervenor-Applicant's Reply Brief in Support of Motion to Intervene via United States Postal Service Certified Mail, properly addressed and postage prepaid, to:

Melissa M. Kirby / Daniel J. Esquivel
Husch Blackwell LLP
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Counsel for Plaintiff

Jesse Anderson Davis / Lee B. Carter
Davis Lucas Carter LLP
210 E. 2nd Ave., Suite 301
Rome, GA 30161
Counsel for Defendant City of Rossville

[signature]

Robin Carter Mayes, Pro Se